Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 200207-61390
DATE: June 30, 2021

ORDER

Entitlement to a compensable rating for left femoral neck stress fracture status post-surgical fixation with hardware with residual pain with limitation of flexion which is currently rated as zero percent disabling is denied.

Entitlement to a rating in excess of 10 percent for left femoral neck stress fracture status post-surgical fixation with hardware with residual pain is denied.

FINDINGS OF FACT

1. The Veteran's left hip disability does not result in limitation of flexion of 45 degrees or lower.

2. The Veteran's left hip disability does not result in limitation of adduction, for motion lost beyond 10 degrees.

CONCLUSIONS OF LAW

1. From July 17, 2019, the criteria for entitlement to a compensable rating for the service-connected left femoral neck stress fracture status post-surgical fixation with hardware with residual pain with limitation of flexion disability have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 4.1-4.14, 4.25, 4.27, 4.40, 4.45, 4.59, 4.71a, DC 5252.

2. From July 17, 2019, the criteria for a rating in excess of 10 percent for left femoral neck stress fracture status post-surgical fixation with hardware with residual pain have not been met. 38 U.S.C. § 1155; 38 C.F.R. §§ 4.118, Diagnostic Code 5253.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from January 2014 to May 2014. 

The rating decision on appeal was issued in October 2019; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies.

In the VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD) dated February 2020, the Appellant elected the Direct Review option; therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction's (AOJ) October 2019 rating decision on appeal. 38 C.F.R. § 20.301.

The Board notes that the Veteran did not indicate that he was appealing the issue of status post-surgical scar, left hip (painful) associated with left femoral neck stress fracture status post-surgical fixation with hardware with residual pain which is rated under Diagnostic Codes 7804 and 7802. As the Veteran has not raised these issues in his NOD or in his Appellate Brief, the Board does not have jurisdiction to address these specific issues. 

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is deciding the claims of service connection for left femoral neck stress fracture status post-surgical fixation with hardware with residual pain with limitation of flexion and left femoral neck stress fracture status post-surgical fixation with hardware with residual pain, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Increased Ratings

Disability evaluations are determined by the application of a schedule of ratings which is based, as far as can practically be determined, on the average impairment of earning capacity. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Each service-connected disability is rated on the basis of specific criteria identified by Diagnostic Code (DC). 38 C.F.R. § 4.27. When rating the Veteran's service-connected disability, the entire medical history must be borne in mind. Schafrath v. Derwinski, 1 Vet. App. 589 (1991). Separate higher or lower compensable evaluations may be assigned for separate periods of time if such distinct periods are shown by the competent evidence of record during the appeal, a practice known as "staged" ratings. See Hart v. Mansfield, 21 Vet. App. 505 (2007); Fenderson v. West, 12 Vet. App. 119, 126 (1999).

Regulations require that where there is a question as to which of two evaluations is to be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under the laws administered by VA. VA shall consider all information and medical and lay evidence of record. Where there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

In evaluating the evidence in any given appeal, it is the responsibility of the Board to weigh the evidence and decide where to give credit and where to withhold the same and, in so doing, accept certain medical opinions over others. Schoolman v. West, 12 Vet. App. 307, 310-11 (1999). In this regard, the Board has been charged with the duty to assess the credibility and weight given to evidence. Davidson v. Shinseki, 581 F. 3d 1313 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007). Indeed, the Court has declared that in adjudicating a claim, the Board has the responsibility to do so. Bryan v. West, 13 Vet. App. 482, 488-89 (2000). In doing so, the Board is free to favor one medical opinion over another, provided it offers an adequate basis for doing so. See Owens v. Brown, 7 Vet. App. 429, 433 (1995).

1. Entitlement to a rating in excess of 10 percent for left femoral neck stress fracture status post-surgical fixation with hardware with residual pain from July 17, 2019, to October 8, 2019, is denied.

The Veteran asserts that he is entitled to a rating in excess of 10 percent for left femoral neck stress fracture status post-surgical fixation with hardware with residual pain. More specifically, the Veteran through his representative asserts that the October 2020 Compensation and Pension examiner did not supply the needed information to properly rate the Veteran when experiencing flare ups. The Veteran through his representative asserts that the October 2020 examination is inadequate and therefore the VA must provide the Veteran with a new examination. See Appellate Brief Received May 2021. 

The Board notes that the October 2020 examination that the Veteran and his representative argue is inadequate is not within the evidentiary window for the Board to review and therefore will not be discussed in the decision herein.

The Veteran's left femoral neck stress fracture status post-surgical fixation with hardware with residual pain disability was rated as 10 percent under diagnostic code 5253 during the period on appeal. Also during the period on appeal, the Veteran was in receipt of a noncompensable rating for the left femoral neck stress fracture status post-surgical fixation with hardware with residual pain disability with limitation of flexion under diagnostic code 5252.

To the extent that the Veteran has been assigned multiple ratings for his left hip disability at various times throughout the appeal period, the Board is cognizant that the assignment of multiple ratings based on the same symptoms or manifestations constitutes prohibited pyramiding. 38 C.F.R. § 4.14.

Diagnostic Code 5253 evaluates impairment of the thigh, and provides a 10 percent rating for limitation of rotation (affected left cannot toe-out more than 15 degrees), or for limitation of adduction (cannot cross legs); and a maximum 20 percent rating for limitation of adduction, for motion lost beyond 10 degrees. 38 C.F.R. § 4.71a, DC 5253.

The Veteran was afforded a VA Disability Benefits Questionnaire examination to assess his left hip disability in September 2019. The examiner noted that the range of motion for limitation of external rotation is 0 to 60 degrees and his internal rotation measurement is 0 to 40 degrees for his left hip which are measurements that are within normal range respectively. The range of motion measurements for adduction of the Veteran's left hip were recorded as 0 to 25 degrees which is also considered normal range. The examiner noted that the Veteran's adduction was not limited such that the Veteran cannot cross his legs. It was noted that the Veteran exhibited pain during adduction range of motion measurements.

The September 2019 VA examination is the only relevant examination of record during the appeal period. The Board finds that the September 2019 VA Disability Benefits Questionnaire (DBQ) medical findings are highly probative, as the examiner reviewed the file, listened to the Veteran's report of history, and physically examined the Veteran. This examination revealed that the Veteran's range of motion measurements for external rotation, internal rotation, and adduction are all within normal range. As the Veteran's medical records do not reveal that the Veteran has limitation of adduction, for motion lost beyond 10 degrees, a rating of 20 percent is not warranted under diagnostic code 5253 in this case. The Board finds that the Veteran's currently assigned 10 percent rating accounts for any pain that he experiences during adduction range of motion measurements, but a rating in excess of 10 percent is not warranted based on the legal rating criteria.

The Board has considered the Veteran's lay assertions that the Veteran's left hip disability is worse than what is reflected by his current rating. However, while laypersons are competent to report general symptoms, the specific findings from the VA examination report and objective medical evidence are more probative as to the severity of his left hip disorder for VA purposes. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

Accordingly, the preponderance of the evidence is against the claim of left femoral neck stress fracture status post-surgical fixation with hardware with residual pain and there is no reasonable doubt to be resolved. 38 U.S.C. § 5107(b).

2. Entitlement to a compensable rating for left femoral neck stress fracture status post-surgical fixation with hardware with residual pain with limitation of flexion from July 17, 2019, to October 8, 2019, is denied.

The Veteran argues that he is entitled to a compensable rating for his service-connected left hip disability with respect to limitation of flexion. The Veteran through his representative asserts that the October 2020 Compensation and Pension examiner did not supply the needed information to properly rate the Veteran when experiencing flare ups. The Veteran through his representative asserts that the October 2020 examination is inadequate and therefore the VA must provide the Veteran with a new examination. See Appellate Brief Received May 2021. 

The Board notes that the October 2020 examination that the Veteran and his representative argue is inadequate is not within the evidentiary window for the Board to review and therefore will not be discussed in the decision herein.

During the period on appeal, the Veteran was assigned a noncompensable (0 percent) rating for left femoral neck stress fracture status post-surgical fixation with hardware with residual pain with limitation of flexion under Diagnostic Code (DC) 5252. 38 C.F.R. § 4.71a, DC 5252.

Under DC 5252, ratings for limitation of flexion of the thigh are assigned as follows: flexion limited to 45 degrees is 10 percent; flexion limited to 30 degrees is 20 percent; flexion limited to 20 degrees is 30 percent rating; and flexion is limited to 10 degrees is 40 percent.

The Board notes that the Veteran's post-service treatment notes include several complaints of pain related to the left hip; however, these treatment notes do not provide range of motion measurements for which the Board can use to evaluate the Veteran's relevant range of motion measurements. Thus, the Board finds the most probative evidence is the examination provided within the evidentiary window which directly addresses the legal rating criteria as it pertains to the disability on appeal.

The Veteran was afforded a VA examination to assess his left hip disability in September 2019. The examiner recorded the Veteran's range of motion for flexion of the left hip as 0 to 90 degrees. The examiner noted that adduction was to 25 degrees but not limited such that the Veteran cannot cross his legs. The examiner noted that range of motion itself does not contribute to functional loss and further stated that there is pain with flexion and abduction noted on the exam, but it does not result in or cause functional loss. With respect to repetitive-use testing, with at least three repetitions, the Veteran was able to perform and the examiner noted that there was no additional loss of function or range of motion after three repetitions. With respect to repeated use over time, the examiner noted that the examination is medically consistent with the Veteran's statements describing functional loss with repetitive use over time. It was further noted that pain was the only factor that significantly limit functional ability with repeated use over a period of time. The Veteran's flexion after repeated use was recorded as 0 to 70 degrees. With respect to flare ups of the left hip, it was noted that the examination was not being conducted during a flare up. The examiner noted that the examination is consistent with the Veteran's statements describing functional loss during a flare up and further indicated that the range of motion flexion measurement was 0 to 70 degrees. With respect to flare ups it was noted that the Veteran has pain which causes functional loss. No additional factors were noted to be contributing factors to the Veteran's left hip disability. His muscle strength of left hip flexion was rated 5/5, equivalent to normal strength.

The Board finds that the Veteran is not entitled to a compensable rating for flexion of the left hip. Assigning multiple ratings based on the same symptoms or manifestations of a disability constitutes prohibited pyramiding. 38 C.F.R. § 4.14. The Board finds that assigning separate ratings based on limitation of flexion of the hip under DC 5252 for pain would amount to pyramiding under 38 C.F.R. § 4.14. Separate ratings under different diagnostic codes may be assigned where "none of the symptomatology for any of [the] conditions is duplicative of or overlapping with the symptomatology of the other...conditions." 38 C.F.R. § 4.14 ; Esteban v. Brown, 6 Vet. App. 259, 262 (1994). In this case, the Veteran has already been assigned a rating of 10 percent for residual pain related to his left hip condition under Diagnostic Code 5253; and he does not meet the required range of motion measurements for limitation of flexion to be compensable under DC 5252. Even when taking into consideration the Veteran's flexion measurements after repetitive use and flares, it still does not reach the range for a compensable rating. The September 2019 examiner noted that during initial range of motion measurements, the Veteran experienced pain upon examination, but it did not result in or cause functional loss. The Board recognizes that the examiner indicated that the Veteran does experience some pain that results in functional loss with respect to repeated use over a period of time and flare ups; however, the Board finds that the currently assigned rating for pain takes into account the pain that the Veteran experiences. Moreover, even when functional loss for pain with respect to repeated use and flare ups is considered, the range of motion is 0 to 70 degrees respectively which is well above the 45 degree measurement that would be necessary for a compensable rating. Again, the Board highlights the fact that even when accounting for pain associated with repetitive use and flare ups, the range of motion for flexion of the Veteran's left hip is not the equivalent of 45 degrees or lower and is thus not compensable. Moreover, there was no indication that range of motion itself contributes to functional loss, but only that pain caused functional loss. 

As stated, a compensable evaluation for limitation of flexion is warranted when flexion is limited to at least 45 degrees. As demonstrated by the aforementioned medical findings, the Veteran did not exhibit such limitation, even in contemplation of functional loss due to symptoms such as pain, or as a result of repetitive motion and/or flare-ups. 38 C.F.R. §§ 4.40, 4.45, and 4.59. See DeLuca, 8 Vet. App. at 207; see also Mitchell, 25 Vet. App. at 32; Correia, 28 Vet. App. at 158; Sharp, 29 Vet. App. at 26. 

While the Veteran believes a higher disability is warranted, the evidence of record does not support increased disability ratings or separate ratings for his left hip limitation of flexion condition. While the Veteran is competent to report the symptoms of his disabilities, he is not competent to opine on matters requiring medical knowledge, such as determining the severity of his medical condition at any given time, based on the criteria above. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

Although the Veteran through his representative claims that the October 2020 Compensation and Pension examiner did not supply the needed information to properly rate the Veteran when experiencing flare ups, the Board finds that with regard to the only examination during the period on appeal (September 2019 examination), the examiner did properly take into account the Veteran's flare ups. While the Board is sympathetic to the Veteran's contention that he entitled to a higher disability rating, the medical findings provide highly probative evidence against the claims that the Board cannot ignore. The medical findings outweigh the Veteran's belief that his disability warrants a higher disability rating and provide a highly clear basis for the opinion. Therefore, the Board provides more weight to the competent medical evidence of record and must deny the claim. 

Accordingly, the Board finds that the preponderance of the evidence shows that a compensable rating is not warranted for limitation of flexion of the left hip. 38 C.F.R. § 4.71a, DC 5252.

 

Tiffany Dawson

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. Dorsey-Kwansa, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.